**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|                                            |     |               |
|--------------------------------------------|-----|---------------|
| CONCERT HEALTH PLAN INSURANCE COMPANY,     | )   |               |
|                                            | )   |               |
|       Plaintiff, | )   |               |
|                                            | )   |               |
|   v.                             | )   | No. 09 C 7550 |
|                                            | )   |               |
| HOUSTON NORTHWEST PARTNERS, LTD. d/b/a HOUSTON NORTHWEST MEDICAL CENTER, | ) ) ) |  |
|                                            | )   |               |
|       Defendant. |     |               |

**MEMORANDUM OPINION AND ORDER**

On March 8, 2010, defendant Houston Northwest Partners, Ltd. d/b/a Houston Northwest Medical Center ("Houston") informed me that its partners were both incorporated in the State of Delaware and had their principal places of business in Texas. In its complaint, plaintiff Concert Health Plan Insurance Company ("Concert") stated that its parent company is incorporated in Delaware and that its principal place of business is in Illinois. Like Houston, then, Concert has failed to give this court the information it needs to determine Concert's citizenship. It is not clear if Concert itself is a corporation, in which case it is a citizen of the state of its incorporation and its principal place of business, 28 U.S.C. § 1332(c)(1), or whether it is an unincorporated company, in which case its citizenship is the citizenship of each of its members. *Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879, 881 n.1

(7th Cir. 2004) (unincorporated entities are citizens of every state of which any member is a citizen).  Thus, the court cannot determine whether complete diversity exists without more information from Concert.  Rather than delay this ruling any longer, I will turn to personal jurisdiction because, even if Concert were able to show that diversity jurisdiction exists here, there is no personal jurisdiction over Houston.  *See, e.g.*, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999) (federal system allows for "leeway" in determining order in which district court addresses subject matter and personal jurisdiction).

A federal court exercising diversity jurisdiction has personal jurisdiction over the defendant if the state in which it sits would have such jurisdiction.  *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997).  The Illinois long-arm statute stretches as far as the due process clauses of the Illinois and federal Constitutions permit.  735 ILCS 5/2-209(c) ("A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States.").  Accordingly, I need only consider whether exercising personal jurisdiction over Houston would be proper under the Illinois and federal due process requirements.  *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 714-15 (7th Cir. 2002).  Under the Due Process Clause of the Illinois Constitution, a court may exercise jurisdiction "when it is fair, just, and reasonable to require a

nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." *Id*. at 715 (quoting *Rollins v. Ellwood*, 565 N.E.2d 1302, 1316 (Ill. 1990)). Although the Illinois Supreme Court has declined to find that the reach of the state and federal constitutions is identical, it has observed that "in almost all cases, when federal due process concerns regarding personal jurisdiction are satisfied, so are Illinois due process concerns regarding personal jurisdiction." *Keller v. Henderson*, 834 N.E.2d 930, 941 (Ill. 2005).

The exercise of personal jurisdiction satisfies federal due process requirements when the defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Internat'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). "The crucial inquiry is whether the defendant's contacts with the state are such that he should reasonably anticipate being haled into court there." *Internat'l Med. Group, Inc. v. Am. Arbitration Assoc.*, 312 F.3d 833, 846 (7th Cir. 2002) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). In addition, the defendant must have purposefully availed itself of the privilege of conducting activities in the forum state, invoking the benefits and protections of its laws. *Burger King*, 471 U.S. at 474-75.

Because a defendant's contacts with a forum state may be related or unrelated to the lawsuit at issue, there are two types of personal jurisdiction. Specific jurisdiction refers to jurisdiction over a defendant in a suit arising out of, or related to, the defendant's contacts with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). Where a court seeks to assert specific jurisdiction over a nonresident defendant, the defendant must have "purposefully directed" his activities at residents of the state and the suit must involve alleged injuries that "arise out of or relate to" those activities. *Burger King*, 471 U.S. at 472. "General jurisdiction, meanwhile, is for suits neither arising out of nor related to the defendant's contacts, and it is permitted only where the defendant has "continuous and systematic general business contacts" with the forum. *RAR*, 107 F.3d at 1277 (quoting *Helicopteros*, 466 U.S. at 414 n.8)). Concert admits that it has not put forward any facts to support a finding of general jurisdiction. Thus, I will focus on Concert's specific jurisdiction argument.

Having reviewed the pertinent facts, I cannot find the requisite minimum contacts or purposeful availment on the part of Houston. Nor can I conclude that Houston has "purposefully directed" its activities at the residents of Illinois. Houston is a Texas hospital and the patient it treated also lives in Texas.

The Houston contract, the only contract at issue in this case to which Houston is a party, was negotiated and entered into in the state of Texas. Further, that contract was made with PHCS, which is not an Illinois company. Therefore, Houston cannot have reasonably anticipated being haled into court in Illinois. Concert would have me focus solely on the contract between it and PHCS, but that is not appropriate in light of the fact that Houston was not a party to that contract. There are no facts which would support a finding that Houston sought patients from Illinois or otherwise had ties to Illinois. As a result, I find that Houston is not subject to personal jurisdiction in this court. Houston's motion to dismiss is granted.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: March 11, 2010

5